DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cr-0019 |
| | ) | |
| JAMAL HAYNES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cr-0042 |
| | ) | |
| JAMAL HAYNES, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**BEFORE THE COURT** is the motion of the United States for reconsideration of the Court's July 10, 2020, Order. For the reasons stated below, the Court will deny the United States' motion.

**I. FACTUAL AND PROCEDURAL HISTORY**

On October 30, 2017, in Case Number 3:17-cr-0019, Haynes pled guilty to conspiracy to possess with intent to distribute cocaine for his involvement in a drug trafficking organization. On the same day, in Case Number 3:17-cr-0042, Haynes also pled guilty to conspiracy to possess with intent to distribute cocaine for his involvement in a second, separate drug trafficking organization. Thereafter, on April 5, 2018, Haynes was sentenced to a term of imprisonment of 135 months in Case Number 3:17-cr-0019 and a term of imprisonment of 78 months in Case Number 3:17-cr-0042, such terms to be served concurrently.

On June 16, 2020, Haynes filed a motion for compassionate release. *See* Case Number 3:17-cr-0019, ECF No. 420; Case Number 3:17-cr-0042, ECF No. 9. In his motion, Haynes

asserted that he suffers from obesity, diabetes, hypertension, and chronic kidney disease. *Id.* at 2.

On June 30, 2020, the United States filed an opposition to Haynes' motion for compassionate release. *See* Case Number 3:17-cr-0019, ECF No. 421; Case Number 3:17-cr-0042, ECF No. 11. In its opposition, the United States argued that the Court is barred from considering Haynes' motion for compassionate release due to his failure to exhaust his administrative remedies. *Id.* at 7-10. The United States also argued that, even if Haynes has exhausted his administrative remedies, he has not shown that extraordinary and compelling reasons warrant his release. *Id.* at 11-12.

On July 10, 2020, the Court entered an order holding Haynes' motion for compassionate release in abeyance pending supplementation of the record. *See* Case Number 3:17-cr-0019, ECF No. 422; Case Number 3:17-cr-0042, ECF No. 12. In so doing, the Court found that Haynes had exhausted the requirements of 18 U.S.C. § 3582(c)(1): that is, Haynes had filed his motion for compassionate release after the lapse of 30 days from the receipt by the warden of the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), the facility where Haynes is presently incarcerated, of his request that the BOP move for compassionate release on his behalf. *See id.* at 5. The Court also ordered the United States, by no later than July 17, 2020, to provide a list of at least three experts who could testify as to Haynes' medical conditions and their interaction with COVID-19.

On July 15, 2020, the United States filed a motion for reconsideration of the Court's July 10, 2020, Order. *See* Case Number 3:17-cr-0019, ECF No. 423; Case Number 3:17-cr-0042, ECF No. 13.

## II. LEGAL STANDARD

Local Rule of Criminal Procedure 1.2 provides that "[i]n cases of general procedure not covered by these Rules, the Local Rules of Civil Procedure shall apply." LRCr 1.2. Local Rule of Civil Procedure 7.3 permits motions for reconsideration only when there is (1) an intervening change in controlling law; (2) new evidence available; or (3) a need to correct clear error or prevent manifest injustice. LRCi 7.3; *see also Max's Seafood Café by Lou–Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999) (citing *North River Ins. Co. v. CIGNA*

*Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir.1995)). A motion for reconsideration "shall be filed within fourteen (14) days after entry of the order or decision unless the time is extended by the Court." LRCi 7.3; *see also Batista v. United States*, 377 Fed. App'x 145, 147 (3d Cir. 2010) (affirming district court's denial of motion for reconsideration because it was untimely pursuant to local civil rule governing motions for reconsideration).

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). "Such motions are not substitutes for appeals, and are not to be used 'as a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *Cabrita Point Dev., Inc. v. Evans*, 52 V.I. 968, 975 (D.V.I. 2009) (quoting *Bostic v. AT & T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004)).

In the context of a motion to reconsider, "manifest injustice 'generally means that the Court overlooked some dispositive factual or legal matter that was presented to it.'" *Id.* (quoting *In re Rose*, No. 06–1818(JLP), 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). Manifest injustice has also been defined as "'an error in the trial court that is direct, obvious, and observable.'" *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.2d 342, 348 (6th Cir. 2004) (quoting Black's Law Dictionary 974 (7th ed. 1999)). "[M]ost cases . . . use the term 'manifest injustice' to describe the result of plain error." *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1425 (5th Cir. 1996).

### III. DISCUSSION

Title 18, Section 3582 of the United States Code ("Section 3582") provides in pertinent part that

> (A) the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>    (i) extraordinary and compelling reasons warrant such a reduction; . . .
>    . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1).

In its motion for reconsideration, the United States appears to argue for reconsideration based on the need to correct clear error or manifest injustice.[1] With respect to the Court's conclusion regarding 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement, the United States argues that

> Title 18, United States Code, Section 3582(c)(1)(A) permits a Court to consider a request for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from receipt of such a request of such a request [sic] by the warden." This Court, however, concluded that "because more than 30 days passed between May 10, 2020, when Haynes' submitted his request to the Warden, and June 16, 2020, when the clerk of the Court received Haynes' motion for compassionate release, Haynes has exhausted his administrative remedies." As previously argued, the United States believes that Haynes has failed to "fully exhaust" all administrative rights by failing to appeal the warden's denial on form BP-9 as directed by the warden. He merely took one step. Haynes concedes as much in his motion by stating, "[t]his motion is being sent directly to the Court even though he has not exhausted all administration remedy." Haynes then argues that exhaustion should be waived.

*See* Mot. for Reconsideration at 2-3, Case Number 3:17-cr-0019, ECF No. 423; Mot. for Reconsideration at 2-3, Case Number 3:17-cr-0042, ECF No. 13. As such, the United States invites the Court to deny Haynes' motion for compassionate release.

Significantly, the Third Circuit has explained that 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement may be satisfied in one of two ways: (1) the Bureau of Prisons ("BOP") must have thirty days to consider a defendant's request to move for compassionate release on his behalf, or (2) the defendant must administratively exhaust an adverse decision by BOP within that time period. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Here, Haynes moved for compassionate release after the thirty-day time period expired.[2] As

---

[1] The United States does not argue that there has been any intervening change in controlling law or that new evidence is available.

[2] The United States has never addressed the expiration of the exhaustion period prescribed by 18 U.S.C. § 3582(c)(1)(A). Moreover, the United States' citation to *United States v. Isaiah Fawkes*, Case No. 1:04-CR-

such, the Court concludes that it did not clearly err in finding that Haynes has satisfied the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).[3] Thus, the Court will deny the United States' invitation to reconsider its July 10, 2020, Order.

The United States also appears to request clarification regarding the Court's order that "the United States to provide a list of at least three potential expert witnesses who could testify as to Haynes' medical conditions and their interaction with COVID-19." *See* Order at 7, July 10, 2020, Case Number 3:17-cr-0019, ECF No. 422; Order at 7, July 10, 2020, Case Number 3:17-cr-0042, ECF No. 12. The United States asserts that

> Deputy Warden Winston Freeman, FCI-Jesup, has advised the United States that the facility stands prepared to provide the Court with experts from within its facility who rendered medical treatment to Haynes during his incarceration. Deputy Warden Freeman is also prepared to provide the Court with experts from FCI-Jesup who can inform the Court of the procedures utilized by the facility to analyze Haynes' eligibility for compassionate release. The United States would otherwise be unduly burdened with identifying independent medical experts during this pandemic period.

*See* Mot. for Reconsideration at 2, Case Number 3:17-cr-0019, ECF No. 423; Mot. for Reconsideration at 2, Case Number 3:17-cr-0042, ECF No. 13. Significantly, nothing in the Court's July 10, 2020, Order prohibits the United States from identifying experts employed by the BOP.

The premises considered, it is hereby

**ORDERED** that the motion of the United States for reconsideration of the Court's July 10, 2020, Order is **DENIED.**

**Dated:** July 16, 2020         /s/ *Robert A. Molloy*
                                 **ROBERT A. MOLLOY**
                                 **District Judge**

---

00172-WAL-GWC, is inapposite. In *Fawkes*, there was no indication that Fawkes had sent a request to the warden of his facility to move for compassionate release on his behalf. As such, in Fawkes' case, the exhaustion period had not expired. Indeed, there was no evidence it had even begun.

[3] With respect to the merits of Haynes' motion for compassionate release, the United States argues that "this Court needs only look to the decision in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), in concluding that Haynes does not suffer from an 'extraordinary and compelling' medical condition." *See* Mot. for Reconsideration at 4, Case Number 3:17-cr 0019, ECF No. 423; Mot. for Reconsideration at 4, Case Number 3:17-cr 0042, ECF No. 13. Significantly, the *Alam* Court did not discuss the merits of the motion for compassionate release before it. As such, that decision cannot and does not inform the Court's consideration of the merits of Haynes' motion.