DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cr-0019 |
| | ) | |
| JAMAL HAYNES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cr-0042 |
| | ) | |
| JAMAL HAYNES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**BEFORE THE COURT** is the motion of Jamal Haynes ("Haynes") for compassionate release. (Case Number 3:17-cr-0019, ECF No. 420; Case Number 3:17-cr-0042, ECF No. 9.) For the reasons stated below, the Court will order the United States to provide the Court with relevant information from the Bureau of Prisons regarding Haynes' medical history.

On October 30, 2017, in Case Number 3:17-cr-0019, Haynes pled guilty to conspiracy to possess with intent to distribute cocaine for his involvement in a drug trafficking organization. On the same day, in Case Number 3:17-cr-0042, Haynes also pled guilty to conspiracy to possess with intent to distribute cocaine for his involvement in a second, separate drug trafficking organization. Thereafter, on April 5, 2018, Haynes was sentenced to a term of imprisonment of 135 months in Case Number 3:17-cr-0019 and a term of imprisonment of 78 months in Case Number 3:17-cr-0042, such terms to be served concurrently.

On June 16, 2020, Haynes filed a motion for compassionate release. *See* Case Number 3:17-cr-0019, ECF No. 420; Case Number 3:17-cr-0042, ECF No. 9. In his motion, Haynes

asserts that he suffers from obesity, diabetes, hypertension, and chronic kidney disease. *Id.* at 2. Haynes argues that, if he were to contract COVID-19, he is at an increased risk of severe illness due to his medical conditions. Haynes argues that this increased risk presents an extraordinary and compelling reason to warrant relief under 18 U.S.C. § 3582(c)(1)(A).

On June 30, 2020, the United States filed an opposition to Haynes' motion for compassionate release. *See* Case Number 3:17-cr-0019, ECF No. 421; Case Number 3:17-cr-0042, ECF No. 11. In its opposition, the United States argued that the Court is barred from considering Haynes' motion for compassionate release due to his failure to exhaust his administrative remedies. *Id.* at 7-10. The United States also argued that, even if Haynes has exhausted his administrative remedies, he has not shown that extraordinary and compelling reasons warrant his release. *Id.* at 11-12.

On July 10, 2020, the Court entered an order holding Haynes' motion for compassionate release in abeyance pending supplementation of the record. *See* Case Number 3:17-cr-0019, ECF No. 422; Case Number 3:17-cr-0042, ECF No. 12. In so doing, the Court found that Haynes had exhausted the requirements of 18 U.S.C. § 3582(c)(1). *See id.* at 5. The Court also ordered the United States, by no later than July 17, 2020, to provide a list of at least three experts who could testify as to Haynes' medical conditions and their interaction with COVID-19.

On July 17, 2020, the United States filed a response to the Court's July 10, 2020, order identifying a number of BOP medical experts. *See* Case Number 3:17-cr-0019, ECF No. 427; Case Number 3:17-cr-0042, ECF No. 17. In its response, the United States noted that, "on July 17, 2020, the United States was advised by the BOP of information regarding Haynes' medical history that can affect the Court's analysis of his petition for compassionate release." *Id.* at 2. Nevertheless, due to concerns regarding the Healthcare Insurance Portability and Accountability Act ("HIPAA"), the United States did not disclose that information in its response.

In general, HIPAA governs the confidentiality of medical records and regulates how "covered entities" can use or disclose "individually identifiable health (medical) information (in whatever form) concerning an individual." 45 C.F.R. §§ 160 and 164. Significantly, "[a]

*United States v. Haynes*
Case Nos. 3:17-cr-0019 and 3:17-cr-0042
Order
Page 3 of 3

covered entity may use or disclose protected health information without the written authorization of the individual" in certain enumerated circumstances. *See* 45 C.F.R. § 164.512. Relevant here, "[a] covered entity may disclose protected health information in the course of any judicial or administrative proceeding . . . [i]n response to an order of a court . . . provided that the covered entity discloses only the protected health information expressly authorized by such order." 45 C.F.R. § 164.512(e)(1).

      Here, Haynes has placed his medical conditions at issue in his request for compassionate release. Given this, disclosure of such information is both necessary and permissible. *See United States v. Wilk*, 572 F.3d 1229, 1236 (11th Cir. 2009) (holding that, where the district court admitted a defendant's medical records because he had placed his medical conditions at issue, "the district court correctly concluded that HIPAA authorizes the disclosure of confidential medical records . . . in the course of a judicial proceeding, in response to a court order"); *cf. Caldwell v. Beard*, 324 F. App'x 186, 188 (3d Cir. 2009) (finding that a BOP medical director did not violate a prisoner's Fourteenth Amendment right to privacy where the BOP medical director disclosed the prisoner's medical records to an adjudicative officer responsible for responding to the prisoner's claim in which he placed his medical condition at issue). As such, the Court will order the United States to provide such information from Haynes' medical history as is relevant to his request for compassionate release for the Court's consideration under seal.

      The premises considered, it is hereby

      **ORDERED** that, by no later than July 24, 2020, the United States shall file a brief, under seal, providing the Court with such information from Haynes' medical history as is relevant to his request for compassionate release**.**

      **Dated:** July 22, 2020                                          */s/ Robert A. Molloy*
                                                                                         **ROBERT A. MOLLOY**
                                                                                         **District Judge**